Filed 6/27/14  In re J.R. CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE J.R., a Person Coming Under the Juvenile Court Law. | H039813 (Santa Clara County Super. Ct. No. JV39800) |
| THE PEOPLE, Plaintiff and Respondent, v. J.R., Defendant and Appellant. | |

## I.  INTRODUCTION

The minor, J.R., appeals from the juvenile court's orders in a proceeding under Welfare and Institutions Code section 602, subdivision (a).  The minor admitted committing misdemeanor battery (Pen. Code, §§ 242, 243, subd. (a)), and the juvenile court found that the minor committed felony arson (Pen. Code, § 451, subd. (d)).  The juvenile court placed the minor on probation with conditions that included:  "That said minor not own, use, or possess any incendiary devices" and "[t]hat said minor have no contact of any type with Elliot S."

On appeal, the minor challenges the above two probation conditions, claiming they are unconstitutionally vague because they lack a knowledge requirement and that the term "incendiary devices" must be defined. The Attorney General does not oppose these probation conditions being modified. The minor also contends, and the Attorney General concedes, that the juvenile court's disposition report incorrectly states that the minor admitted the felony arson count. We will modify the challenged probation conditions and the disposition report, and we will affirm the judgment as modified.

## II.    BACKGROUND

The facts of the charged offenses are not relevant to the minor's contentions on appeal. Briefly, on April 25, 2012, the minor assaulted 14-year-old Elliot S. by knocking him to the ground and punching him in the groin. On August 6, 2012, the minor lit a couch on fire at a park.

On January 14, 2013, a Welfare and Institutions Code section 602 petition was filed, alleging that the minor committed felony arson (Pen. Code, § 451, subd. (d)) and misdemeanor battery (Pen. Code, §§ 242, 243, subd. (a)). On May 3, 2013, the minor admitted the misdemeanor battery count. After a contested jurisdictional hearing, the juvenile court sustained the felony arson count.

On May 24, 2013, the juvenile court declared the minor a ward of the court and placed the minor on probation with conditions that included: "That said minor not own, use, or possess any incendiary devices" and "[t]hat said minor have no contact of any type with Elliot S."[1]

---

[1] In the order of probation, these probation conditions are numbers 15 and 20. In the findings and orders issued after the dispositional hearing, these probation conditions are numbers 8 and 13.

2

## III. DISCUSSION

### A. *Probation Conditions*

The minor challenges the two above-referenced probation conditions, claiming they are unconstitutionally vague because they lack a knowledge requirement. (See generally *In re Sheena K.* (2007) 40 Cal.4th 875, 890 ["A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness."].)

With respect to the no-contact condition, the minor contends that "[i]n the absence of 'an express requirement of knowledge,' [he] could unknowingly contact Elliot S.," such as by sending a group email message. The Attorney General does not oppose adding a knowledge requirement to the no-contact condition and proposes the condition be modified to state: "That said minor not *knowingly* have contact of any type with Elliot S." We will modify the condition as proposed by the Attorney General.

With respect to the condition concerning incendiary devices, the minor contends that without a knowledge component, he could possess an item without realizing it is an incendiary device. The minor also contends the phrase "incendiary devices" is vague because it could include a wide range of items that "both ignite and fuel fires," including such items as rubbing alcohol and newspapers.

The Attorney General does not oppose modifying the condition and suggests that it be modified as it was in the original probation report, where handwritten words were added to the incendiary devices condition so that it stated: "That said minor not knowingly own, use, or possess any incendiary devices; e.g., lighter, torch, matches."

In his opening brief, the minor requested that in addition to adding a knowledge component, this court modify the probation condition "by defining 'incendiary devices' as items that are capable of self-combustion." In his reply brief, the minor suggests the probation condition be modified to read: "That said minor not knowingly own, use, or

3

possess any items that are capable of igniting fires, [e.g.], lighter, torch, matches." We will modify the condition as proposed in the reply brief.

### B. Disposition Report

The minor contends, and the Attorney General concedes, that the disposition report incorrectly states that the minor admitted the felony arson count. We will amend the disposition report to delete the "X" mark in the "Admit" box associated with the felony arson count on the disposition report.

## IV. DISPOSITION

The judgment is modified as follows:

Probation Condition No. 8 in the findings and orders issued on May 24, 2013 (Probation Condition No. 15 in the order of probation) is modified to read: "That said minor not knowingly own, use, or possess any items that are capable of igniting fires, e.g., lighter, torch, matches."

Probation Condition No. 13 in the findings and orders issued on May 24, 2013 (Probation Condition No. 20 in the order of probation) is modified to read: "That said minor not knowingly have contact of any type with Elliot S."

The disposition report from May 24, 2013 is modified to delete the "X" mark in the "Admit" box associated with charge No. 1, the violation of Penal Code section 451, subdivision (d).

As modified, the judgment is affirmed.

4

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MÁRQUEZ, J.

_____
GROVER, J.